UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
EMARA HERCULES,

                Plaintiff,

    -against-

PPS MSO NY, INC. and DR. RAYMOND
H. RUFEN-BLANCHETTE,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
23-CV-3355 (LDH) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiff Emara Hercules ("Plaintiff") commenced this action individually and on behalf of all others similarly situated to recover damages for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL") against PPS MSO NY, INC., (the "Corporate Defendant") and Dr. Raymond H. Rufen-Blanchette (collectively, "Defendants") on May 3, 2023. (Compl., ECF No. 1.) Plaintiff alleges violations regarding (1) unpaid wages under the FLSA, (2) unpaid wages under the NYLL, (3) minimum wages under the FLSA, (4) minimum wages under the NYLL, and (5) a failure to provide the wage statements required by the NYLL. (*Id.*)

    On March 15, 2024, Plaintiff moved for a default judgment against Defendants. (Mot. for Default J., ECF No. 20.) The Honorable LaShann DeArcy Hall referred Plaintiff's motion for a default judgment to the undersigned magistrate judge on March 22, 2024. (Mar. 22, 2024 ECF Order.) For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion for a default judgment be denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

As stated above, Plaintiff initiated this action on May 3, 2023. (Compl., ECF No. 1.) Plaintiff states that she was employed by Defendants from approximately December 17, 2021, until February 2022. (*Id.* ¶¶ 19–20.) Plaintiff alleges that Defendants told her that she would be paid approximately $90,000 per year, however, Plaintiff was not compensated for the work she performed during her employment. (*Id.* ¶¶ 21–22.) On May 4, 2023, the Clerk of Court issued summons for both Defendants, at address 14932 83rd Street, Howard Beach, NY 11414. (Summons, ECF No. 4.) After the Clerk of Court issued the summons, the procedural history of this case becomes complicated due to Plaintiff's difficulties in establishing proof of service as to the summons and complaint on Defendants.

### I. Efforts to Serve Defendant Rufen-Blanchette

On May 24, 2023, Plaintiff filed a proof of service, described on the docket as being for the Corporate Defendant. (Proof of Service, ECF No. 7.) The actual document, however, indicates that it was purportedly proof of service for Defendant Rufen-Blanchette and includes a physical description of a premises with no address indicated or affirmation as to whether service was effected. (*Id.*) On June 7, 2023, Plaintiff filed a second proof of service indicating that between May 13, 2023 and May 23, 2023, five attempts were made to serve Defendant Rufen-Blanchette at an unspecified address. (Proof of Service, ECF No. 8.) The second proof of service states that there was no answer at the address during the first four attempts, but that the process server spoke to a neighbor during one attempt, who indicated that Defendant Rufen-Blanchette resided at that address, and that the process server observed a package with Defendant's name on it on another attempt. (*Id.*) On the fifth service attempt, on May 10, 2023, the process server posted the summons, collective action complaint, and civil cover sheet upon a

door; the proof of service does not specify the address. (*Id.*) On August 28, 2023, Plaintiff filed a request for a certificate of default by Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ("FRCP") for the failure to plead or defend in this action after being served the summons and complaint. (Req. for Certificate of Default, ECF No. 11.) The Clerk of Court entered default against Defendant Rufen-Blanchette on September 5, 2023, pursuant to Rule 55(a) of the FRCP. (Certificate of Default, ECF No. 12.)

## II. Efforts to Serve Defendant PPS MSO NY, INC.

On May 24, 2023, Plaintiff filed a proof of service described on the docket as being for Defendant PPS MSO NY, INC. (Proof of Service, ECF No. 7.) As discussed above, however, the proof of service indicates that the summons was for Defendant Rufen-Blanchette. (*Id.*) On September 5, 2023, the Court denied Plaintiff's request for a certificate of default against the Corporate Defendant because Plaintiff had not provided an affidavit of service. (Sept. 5, 2023 ECF Entry.) On September 11, 2023, Plaintiff filed an affidavit of service for the Corporate Defendant, indicating service via the New York Secretary of State. (Aff. of Service, ECF No. 13.) On September 29, 2023, Plaintiff again requested entry of default as to the Corporate Defendant, which was again denied; this time, because Plaintiff had failed to effectuate service timely under Rule 4(m) of the FRCP. (Req. for Certificate of Default, ECF No. 14; Oct. 6, 2023 ECF Entry.)

On October 18, 2023, Judge DeArcy Hall directed Plaintiff "to show cause why the case should not be dismissed as to Defendant PPS MSO NY, Inc. pursuant to Rule 4(m) of the Federal Rules of Civil Procedure." (Oct. 18, 2023 ECF Order.) On November 1, 2023, Plaintiff filed a motion for an extension of time to serve the Corporate Defendant through the Secretary of State. (Mot. for Extension, ECF No. 15.) On

3

November 3, 2023, the Court granted Plaintiff an extension of time to file an affidavit of service as to the Corporate Defendant by November 30, 2023. (Nov. 3, 2023 ECF Order.)

On November 18, 2023, Plaintiff filed an affidavit of service as to the Corporate Defendant, indicating service via the Secretary of State on November 14, 2023. (Aff. of Service, ECF No. 16.) On December 12, 2023, Plaintiff requested entry of default for the Corporate Defendant. (Req. for Certificate of Default, ECF No. 17.) On December 15, 2023, the Clerk of Court entered default against both Defendants. (Certificate of Default, ECF No. 18.)

### III. Default Proceedings

On March 15, 2024, Plaintiff filed a motion for a default judgment, which was referred to the undersigned magistrate judge on March 22, 2024. (Mot. for Default J., ECF No. 20; Mar. 22, 2024 ECF Order.)

Following the referral of Plaintiff's motion for a default judgment, the Court ordered Plaintiff to show cause as to why the motion for a default judgment should not be denied for ineffective service, as "posting the summons, complaint, and civil cover sheet upon an unspecified door[] does not appear to be a method of service contemplated by either rule 4(e) of the Federal Rules of Civil Procedure or section 308 of the New York CPLR." (May 13, 2024 ECF Order to Show Cause.) Additionally, the Court noted that the address at which "both Defendants were served differs from the address listed by the New York Department of State Division of Corporations as the address for Defendant PPS MSO NY INC." (*Id.*) Finally, the Court noted that the Servicemembers' Civil Relief Act ("SCRA") "requires that, 'in a default judgment action, a plaintiff . . . file an affidavit that states whether the defendant is serving in the military and must show necessary facts in support of the affidavit.'" (*Id.* (quoting *Lopez v. Metro*

4

*& Graham LLC*, No. 22-CV-332 (CBA) (RER), 2022 WL 18809176, at *5 (E.D.N.Y. Dec. 16, 2022)).)

On May 31, 2024, Plaintiff filed a response to the Court's order to show cause[1] and a supporting affidavit/declaration. (Mem. of Law, ECF No. 24; Suppl. Aff., ECF No. 25, at 2–4.) On June 11, 2024, the Court held a telephonic default motion hearing, at which Plaintiff was "directed to file a supplemental affidavit providing evidence as to (1) the address upon which the individual Defendant was served as attested [to] in ECF No. 8 (including the specific address as to where the summons was posted, attested to by an individual with personal knowledge); (2) whether and to what address the summons and complaint were mailed to the individual Defendant for purpose of effecting service (again attested to by an individual with personal knowledge); and (3) compliance with the Servicemembers' Civil Relief Act." (June 11, 2024 ECF Min. Entry & Order.)

Plaintiff filed a response to the Court's directives on June 25, 2024, inexplicably styled as a request for entry of default. (Suppl. Aff., ECF No. 29.) Beyond using the incorrect ECF event for her filing, Plaintiff's response is misleading and nonresponsive. The Court directed counsel to provide *evidence* as to the address upon which Defendant Rufen-Blanchette was served. (June 11, 2024 ECF Min. Entry & Order.) Plaintiff's

---

[1] The Court notes that Plaintiff's response did not address all the defects identified in the Court's order to show cause, and in fact demonstrated further carelessness by Plaintiff's counsel. For example, the response did not address the SCRA whatsoever. (Mem. of Law, ECF No. 24; Suppl. Aff., ECF No. 25.) Additionally, Plaintiff describes service attempts and completed service on Defendant Rufen-Blanchette, and refers to Exhibit B as evidence of such service attempts. (Mem. of Law, ECF No. 24, at 3–4.) Exhibit B, however, is the proof of service on the Corporate Defendant via the Secretary of State in September 2023, while Exhibit C is the proof of service on the Corporate Defendant in November 2023. (Ex. B, ECF No. 24-2; Ex. C, ECF No. 24-3.) Plaintiff later supplied a response related to the SCRA. (*See* Aff. in Compliance with SCRA, ECF No. 29-2.)

5

counsel's sworn affirmation states that Exhibit A evidences service of the summons and complaint on the individual Defendant on November 15, 2023. (Suppl. Aff., ECF No. 29, ¶ 4.) Actually, Exhibit A is an affidavit from the process server that states that the process server was *unable to* effectuate service on Defendant Rufen-Blanchette, and that in fact, the process server spoke to the resident of 14932 83rd Street, Howard Beach, NY 11414, "who stated the recipient is not known." (Ex. A, ECF No. 29-1.) Given the Court's concern, discussed at the default motion hearing, that service was attempted at an incorrect address, the affidavit is especially troubling and telling. The Court also directed counsel to provide evidence "attested to by an individual with personal knowledge" of whether the summons and complaint were mailed to Defendant Rufen-Blanchette for the purpose of effecting service. (June 11, 2024 ECF Min. Entry & Order.) Plaintiff represents that Exhibit C evidences mailing of the summons and complaint. (Suppl. Aff., ECF No. 29, ¶ 15.) However, Exhibit C shows a postage date of June 24, 2024 — that is, *after* the Court's June 11, 2024 hearing — when Plaintiff initiated this action and purportedly served Defendant Rufen-Blanchette in May 2023. (Ex. C, ECF No. 29-3; *see also* Compl., ECF No. 1; Proof of Service, ECF No. 8.) The address to which the documents were purportedly mailed was 14932 83rd Street, Howard Beach, NY 11414. (Ex. C, ECF No. 29-3.) Accordingly, Exhibit C does not provide evidence as to the mailing of the summons and complaint for the purpose of effectuating service.

## DISCUSSION

### I. Legal Standards

#### A. Personal Jurisdiction

"A default judgment is void if it is rendered by a court that lacks jurisdiction over the parties." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (quotation marks omitted). The Second Circuit has observed that "before a court

6

grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010). Accordingly, personal jurisdiction "should be examined on a motion for a default judgment when a plaintiff's submissions clearly show an absence of personal jurisdiction or even when they show that sustaining personal jurisdiction is highly unlikely." *Kaplan v. Hezbollah*, No. 19-CV-3187 (BMC), 2022 WL 2207263, at *2 (E.D.N.Y. June 21, 2022). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### B. Service on an Individual

Rule 4 of the FRCP requires that a defendant be served within 90 days after the complaint is filed. Rule 4(e) allows service on individual defendants according to the law of the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). New York state law establishes the accepted methods of service as to which proof of service may be made on an individual. *See* N.Y. C.P.L.R. § 308. Specifically, section 308(4) provides as follows:

> Where service under paragraphs one[2] and two[3] cannot be made with due diligence, by affixing the summons to the door of either the actual

---

[2] Paragraph one states that service upon a natural person can be made by "delivering the summons within the state to the person to be served." N.Y. C.P.L.R. § 308(1).

[3] Paragraph two states that service upon a natural person can be made by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode

7

>place of business, dwelling place or usual place of abode within the state of the person to be served *and* by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing . . . .

N.Y. C.P.L.R. § 308(4) (emphasis added).

As set forth above, section 308(4) clearly provides that in the absence of personal service, the statute requires "two services: an affixation (the nailing) and a mailing." *Hopkins v. Tinghino*, 669 N.Y.S.2d 735, 736 (App. Div. 3d Dep't 1998). A defendant is not properly served under section 308(4) when "the summons and [complaint] were affixed to the door of [their] residence, but were never mailed," or when "[t]here is no affidavit of service indicating . . . that the summons and [complaint] were mailed to the [defendant]." *H. v. M.*, 850 N.Y.S.2d 480, 482 (App. Div. 2d Dep't 2008). While "[t]he failure to timely file proof of service is concededly a mere irregularity without jurisdictional implications," when service is effected by "nail and mail," defendants must be given an opportunity to answer *after* proof of service is filed. *Rosato v. Ricciardi*, 571 N.Y.S.2d 633, 634 (App. Div. 3d Dep't 1991) (quotation marks omitted) (vacating

---

>of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" . . . .

N.Y. C.P.L.R. § 308(2). Both the delivery and mailing of the summons must occur "within twenty days of each other," and proof of service must be filed with the clerk of the court within 20 days of either the delivery or mailing, whichever is later. *Id.* Service is considered complete ten days after filing proof of service, which must include details about the person who received the summons and the circumstances of the service. *Id.*

8

default judgment and ordering that "defendants [be] given an opportunity to answer" following the filing of proof of service). The affidavits of service must be filed within 20 days of the nailing and mailing procedure, as required by C.P.L.R. section 308(4). *Id.*

### C. Service on a Corporation

Rule 4(h) of the FRCP permits plaintiffs to serve corporate defendants "in the manner prescribed by Rule 4(e)(1) for serving an individual," or by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" and "also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)–(B).

### D. Sanctions Under Rule 11

When filing any paper with the Court, counsel is certifying, *inter alia*, that "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." Fed. R. Civ. P. 11(b)(3). "Drawing a line between zealous advocacy and frivolous conduct, Rule 11 provides a vehicle for sanctioning an attorney, a client, or both." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am.*, 948 F.2d 1338, 1343 (2d Cir. 1991). A court may, on its own initiative, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). "In deciding whether the signer of a pleading, motion, or other paper has crossed the line between zealous advocacy and plain pettifoggery, the court applies an objective standard of reasonableness." *Int'l Bhd.*, 948 F.2d at 1344.

9

## II. Analysis

### A. Service and Personal Jurisdiction

For the reasons described herein, Plaintiff has not demonstrated that service on Defendant Rufen-Blanchette was effective and thus, the Court does not have personal jurisdiction over this Defendant.

First, Plaintiff has not provided evidence that she effectuated service via mail, as is required under section 308(4). *See Hopkins*, 669 N.Y.S.2d at 736 (noting that section 308(4) requires "two services: an affixation (the nailing) and a mailing"). Plaintiff filed proof of service of the "nailing" of the summons and complaint for Defendant Rufen-Blanchette on June 7, 2023, (Aff. of Service, ECF No. 8), but she has never filed proof of service indicating that the summons and complaint were mailed within 20 days of the nailing. The Court also questions whether the service address was correct, as discussed above.[4]

Second, even if Plaintiff were to file evidence in support of mailing at this late date, the statute (1) requires that "such affixing and mailing to be effected within

---

[4] The Court noted in its May 13, 2024 order to show cause that the address listed on the summons for the Corporate Defendant differs from the address listed by the New York Department of State Department of Corporations as the address for PPS MSO NY, INC. (May 13, 2024 Order to Show Cause); *see also* Entity Information, N.Y. Dep't of State, https://apps.dos.ny.gov/publicInquiry/EntityDisplay [last visited July 22, 2024] (noting an address of 149-31 83rd Street, Howard Beach, NY 11414). None of the filings before the Court provide evidence as to which address the Secretary of State forwarded the summons and complaint. However, "[a] process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service." *Bankers Tr. Co. of Cal., N.A. v. Tsoukas*, 756 N.Y.S.2d 92, 94 (App. Div. 2d Dep't 2003). "In order to overcome the presumption of valid service, the defendant must come forward with a sworn denial containing facts sufficient on its face to rebut the propriety of service." *West Coast Realty Servcs., Inc. v. Holness*, No. 25460/05, 2007 WL 2192825, at *2 (N.Y. Sup. Ct., Aug. 1, 2007) (citing *Rosario v. Beverly Road Realty Co.*, 833 N.Y.S.2d 166, 167 (App. Div., 2d Dep't 2007)). Absent a sworn denial from the Corporate Defendant, the Court finds that the affidavit of service upon the Corporate Defendant, in which the process server swears that service was effected upon the Secretary of State, constitutes prima facia evidence of proper service. (Aff. of Service, ECF No. 16.)

10

twenty days of each other" and that "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later," and (2) states that "service shall be complete ten days after such filing." N.Y. C.P.L.R. § 308(4). Because Plaintiff did not file proof that mailing occurred within 20 days of the nailing, and because service is only complete ten days after the filing of proof of service, service upon Defendant Rufen-Blanchette was never completed. *See id.* Accordingly, the Court lacks personal jurisdiction. *Omni Cap. Int'l, Ltd.*, 484 U.S. at 104 ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Although service appears to have been effected for the Corporate Defendant through the Secretary of State, "in a multi-defendant case where defendants are alleged to be *jointly* liable, entering a default judgment runs the risk of inconsistent judgments." *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 152 (E.D.N.Y. 2019). Here, there remains a possibility that Defendant Rufen-Blanchette may appear and become a litigating party following proper service; in which case "[t]he proper course . . . is to postpone decision on the default judgment [against the Corporate Defendant] until the case against the litigating party concludes." *Id.* Accordingly, the Court recommends that the motion for a default judgment against the Corporate Defendant be denied, without prejudice.

### B. Rule 11 of the FRCP

The Court is concerned by Plaintiff's counsel's conduct in this case. As discussed in detail above, counsel has misrepresented what at least one document shows, mischaracterized attachments, failed to squarely address the Court's questions about the address used for service, and represented that proof of service upon Defendant Rufen-Blanchette via mailing existed.

11

Also troubling is Plaintiff's counsel's repeated insistence in the face of conflicting evidence that the service address is correct. On May 13, 2024, the Court first raised its concern that the address upon which service was effected may be incorrect, as it differed by one digit from the address listed by the New York Department of State Division of Corporations[5] as the address for the Corporate Defendant. (May 13, 2024 Order to Show Cause; *see also* Summons, ECF No. 4.) Plaintiff's response to the order to show cause did not mention the Court's concern that the address was incorrect or describe how Plaintiff determined that the address listed on the summons was the correct address for Defendant Rufen-Blanchette. (*See* Mem. of Law, ECF No. 24.) Following the default hearing, where the Court again raised its concern regarding the address, Plaintiff filed an affidavit (1) stating that "[o]n May 25, 2023, copies of the Summons and Complaint were served on the individual Defendant on November 15, 2023 at 14932 83rd Street Howard Beach, NY 11414," and (2) indicating that the evidence of this service was attached as Exhibit A. (Suppl. Aff., ECF No. 29, ¶ 4.) Not only is this statement unclear in that it indicates service on two different dates,[6] as noted above, Exhibit A is a recently-sworn affidavit of service, indicating that on November 15, 2023, the process server attempted to serve Defendant Rufen-Blanchette at the

---

[5] The Court takes judicial notice of the fact that the Division of Corporations lists 149-31 83rd Street, Howard Beach, NY 11414 as the address for the Corporate Defendant. Entity Information, N.Y. Dep't of State, https://apps.dos.ny.gov/publicInquiry/EntityDisplay [last visited July 22, 2024]. "Courts routinely take judicial notice of such governmental records." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015) (taking judicial notice of documents retrieved from official government websites, including the Illinois and Indiana Secretaries of State).

[6] Plaintiff inexplicably notes two dates in this sentence — May 25, 2023, the date a process server named Moaad Jabir swore to the initial proof of service upon Defendant Rufen-Blanchette, purportedly by "nailing," (Proof of Service, ECF No. 8); and November 15, 2023, the date a process server named Bashar Judeh indicated that they attempted service on Defendant Rufen-Blanchette and were unable to do so, (Ex. A, ECF No. 29-1).

12

address listed on the summons and was unable to do so. (Ex. A, ECF No. 29-1.) The affidavit further states that the process server spoke to a resident of the building "who stated the recipient is not known." (*Id.*) The Court cannot comprehend why counsel offered this affidavit as proof of service, nor can the Court understand Plaintiff's counsel's continued disregard as to the accuracy of the address noted on the summons in light of the affidavit, sworn on June 25, 2024, providing further evidence that the address is incorrect.

"[T]he core function of service is to supply notice of the pendency of a legal action, in a matter and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). Plaintiff's counsel's failure to respond appropriately to the Court's concerns regarding the address used for service suggests that counsel does not appreciate the necessity of notice to Defendants that a legal action is pending against them and that they are at risk of being found in default. Beyond this, counsel's error-filled filings have at best resulted in a substantial waste of the Court's and counsel's time and resources and at worst, were intentionally misleading in order to obscure Plaintiff's failure to effectuate service and hastily secure a default judgment. Accordingly, the Court orders Plaintiff's counsel to show cause as to why counsel's conduct in this matter has not violated Rule 11(b) of the FRCP and why counsel should not be subject to sanctions as a result of (1) her blatant misrepresentation regarding the affidavit of service, (*compare* Suppl. Aff., ECF No. 29, ¶ 4, *with* Ex. A., ECF No. 29-1); and (2) her misleading representations regarding the "repeated" mailing of the summons and complaint, which mailing actually appears to have been effected *after* the filing of the default motion, and *not* within 20 days of the purported "nailing" of the summons

13

on May 23, 2023, (*see* Suppl. Aff., ECF No. 29, ¶ 15; Ex. C, ECF No. 29-3). *See also* Fed. R. Civ. P. 11(c)(3).

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for a default judgment against Defendants PPS MSO NY, INC. and Rufen-Blanchette be denied without prejudice. Additionally, Plaintiff's counsel is ordered to show cause as to why counsel should not be sanctioned by **August 9, 2024.**

\*   \*   \*   \*   \*

This report and recommendation will be filed electronically and a copy sent by mail to Defendants. As a courtesy, the Court also respectfully directs Plaintiff to provide a copy of this report and recommendation to Defendants forthwith and to file proof of same by **July 31, 2024**. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable LaShann DeArcy Hall at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object

timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate[ judge's] decision" (quotation marks omitted)).

    **SO ORDERED.**

Dated:  Brooklyn, New York
       July 26, 2024

*Taryn A. Merkl*
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE